**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 16 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SARAH STIPEK,

      Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

      Defendant-Appellee.

No.   21-35731

D.C. No. 4:20-cv-05116-JTR

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of Washington
John Tyler Rodgers, Magistrate Judge, Presiding

Argued and Submitted June 7, 2022
Seattle, Washington

Before:  GILMAN,** IKUTA, and MILLER, Circuit Judges.

Sarah Stipek appeals from the district court's decision affirming the

Commissioner of Social Security's denial of her application for disability

insurance benefits under Titles II and XVI of the Social Security Act. We have

---

    *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **    The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

jurisdiction under 28 U.S.C. § 1291, and we reverse and remand for further proceedings.

At step three of the sequential analysis, *see* 20 C.F.R. § 404.1520(a)(4)(iii), the administrative law judge (ALJ) concluded that Stipek's impairments did not meet or equal Listing 3.02, which governs most chronic respiratory conditions, *see* 20 C.F.R. pt. 404, subpt. P, app. 1, § 3.02. For a woman of Stipek's age and height, a claimant meets Listing 3.02A if a spirometry test produces a forced expiratory volume ($FEV_1$) value of less than or equal to 1.25 liters, and she meets Listing 3.02B if the test produces a forced vital capacity (FVC) value of less than or equal to 1.5 liters. *Id.* § 3.02(A), (B). Stipek's September 2018 spirometry test produced a $FEV_1$ value of 1.02 liters and a FVC value of 1.51 liters.

The ALJ did not acknowledge that Stipek's $FEV_1$ value was below the minimum $FEV_1$ value identified in Listing 3.02A, and the ALJ erroneously stated that Stipek's counsel conceded that Stipek did not meet Listing 3.02A. The ALJ provided two reasons for discounting the results of the test. First, the ALJ noted that the test "did not provide any background information as to whether the claimant was experiencing any exacerbation of her asthma symptoms at the time of testing." That statement appears to reference the requirement that the claimant be "medically stable" at the time of testing. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 3.00(E)(2)(a). A claimant is not medically stable if, for example, she is

"[e]xperiencing, or within 30 days of completion of treatment for, an acute exacerbation (temporary worsening) of a chronic respiratory disorder." *Id.* § 3.00(E)(2)(a)(iii). But the listing requires only that the claimant be medically stable, not that the test report affirmatively state that the claimant is medically stable. *See id.* § 3.00(E)(3) (listing the requirements of a valid test report). Although the Commissioner now suggests that Stipek might have been "[e]xperiencing . . . an acute exacerbation" of her asthma symptoms at the time of testing, the ALJ did not make a finding to that effect. *Id.* § 3.00(E)(2)(a)(iii).

Second, the ALJ observed that "a chart note dated December 21, 2018, reflects that the claimant demonstrated normal lung sounds upon physical examination and [that] she did not report any respiratory symptomology or distress." The Commissioner argues on appeal that the ALJ referenced this treatment note to show that Stipek could not satisfy the requirement that a claimant's impairment persist for at least 12 months. *See* 20 C.F.R. § 404.1525(c)(4) (noting that, unless a given listing states otherwise, "the evidence must show that [the claimant's] impairment(s) has lasted or can be expected to last for a continuous period of at least 12 months"). But the ALJ did not find that Stipek failed to satisfy the durational requirement, and in fact the ALJ did not reference the durational requirement at all. Because we must "review the ALJ's decision based on the reasoning and factual findings offered by the ALJ[,] not *post*

3

*hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking," we reject the Commissioner's argument that Stipek did not meet the durational requirement. *See Bray v. Commissioner of Soc. Sec. Admin.*, 554 F.3d 1219, 1225–26 (9th Cir. 2009) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)).

We reverse and remand to allow the ALJ to reconsider whether Stipek's impairments meet or equal Listing 3.02. In light of our resolution of that issue, we decline to consider whether the ALJ erred by discounting Stipek's testimony or by providing an incomplete hypothetical to the vocational expert.

Costs shall be taxed against the appellee.

**REVERSED and REMANDED.**